STATE OF NEBRASKA, APPELLEE, V. CHARLES WOODS, APPELLANT.

142 N. W. 2d 339

Filed May 6, 1966. No. 36223.

Fred J. Montag, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and RONIN, District Judge.

McCOWN, J.

On March 4, 1963, an information was filed charging the defendant, Charles Woods, with the crime of robbery. On March 5, 1963, the defendant was present in court with counsel; he was advised of his right to preliminary hearing and jury trial; he waived filing of complaint and preliminary hearing; and he waived statutory service of a copy of the information and consented to be arraigned. The defendant entered a plea of guilty to the information and sentence was deferred. On the 28th of March 1963, a judgment and sentence of 10 years in the Nebraska State Penitentiary was entered against the defendant.

On March 12, 1965, the defendant filed a motion for modification of sentence in the district court. On July 13, 1965, the district court having properly treated the motion as invoking the post-conviction procedure provided by Laws 1965, c. 145, p. 486, entered an order requiring the county attorney to appear and show cause why a hearing should not be had and also appointed the public defender of Douglas County as counsel for the defendant in the proceedings. Said hearing was ordered for July 26, 1965. Hearing was had, counsel appeared, and the matter was heard and taken under advisement by the court. On September 17, 1965, an order was entered by the court which overruled and denied the defendant's motion for modification.

The defendant's contention is that he is entitled to a full evidentiary hearing on any motion alleging a de-

nial or infringement of his constitutional rights, and that a hearing on an order to show cause directed to the prosecuting attorney is not such a hearing.

A portion of Laws 1965, c. 145, § 1, p. 486, provides: "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

The motion and the files and records in this case affirmatively show that the petitioner's motion was based solely on the allegation that he received a different and more severe sentence than a codefendant charged and convicted of the same crime. The defendant raises no issue, constitutional or otherwise, bearing upon his conviction. He charges only that his constitutional rights were violated when he was sentenced to the longer term. It is important to note also that for purposes of the court's consideration of the defendant's motion, the allegations of fact made by the defendant were accepted as true and correct. It is clear that the sentencing court has discretion to adopt reasonable procedures for determining what the motion and the files and records show, and whether any substantial issues are raised, before granting a full evidentiary hearing. Where no controverted material issues of fact are presented, the facts as shown by the record are undisputed, the taking of oral testimony on the motion could not add to or detract from the information shown by the court's files and records, and the court is satisfied that the prisoner is entitled to no relief, no hearing is required under the provisions of the Post Conviction Act.

The defendant apparently also takes the position that he is entitled to be personally present at any hearing had, whether it is a full evidentiary hearing or otherwise.

A portion of Laws 1965, c. 145, § 1, p. 486, specifically

provides: "A court may entertain and determine such motion without requiring the production of the prisoner, whether or not a hearing is held." This does not mean that a defendant may be prevented from testifying in support of a claim under circumstances where his testimony would be material. However, the mere filing of a motion under the Post Conviction Act, alleging a denial or infringement of constitutional rights, does not automatically entitle a petitioning prisoner to a trip to the sentencing court, even where an evidentiary hearing is required. The act itself points up the fact that there are occasions when allegations of facts outside the record can be fully investigated and developed without requiring the personal presence of the prisoner.

For the reasons stated, the action of the district court was correct and is affirmed.

AFFIRMED.