STATE OF NEBRASKA, APPELLEE, V. SAM VIRGILITO, JR.,
APPELLANT.

190 N. W. 2d 781

Filed October 8, 1971. No. 38015.

Sam Virgilito, Jr., pro se.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

On September 17, 1970, the defendant pleaded guilty to manslaughter and on the same day was sentenced to 5 years imprisonment. In 1971, defendant began this proceeding under the Nebraska Post Conviction Act alleging that he was mentally incompetent to enter the plea of guilty. From an examination of the files and records, the district court found that the defendant was entitled to no relief; that an evidentiary hearing should not be held; and that counsel should not be appointed for the defendant. The motion to vacate sentence was overruled and defendant filed this appeal pro se.

A transcript and bill of exceptions have been filed, certified to contain all evidence, both oral and docu-

mentary. These constitute the "files and records of the case." They show that on April 17, 1970, an information was filed charging the defendant with first degree murder. Counsel was appointed on that date and represented the defendant throughout the proceedings. On April 24, 1970, the court authorized a psychiatric examination of the defendant for the purpose of determining whether he was competent to stand trial. A neuropsychiatric examination of the defendant was made by Dr. C. H. Farrell. His report reveals an extensive history of mental illness. Defendant had been hospitalized, and had been examined by Dr. Farrell on numerous previous occasions. Dr. Farrell's report of May 28, 1970, stated: "It is this examiner's opinion that this man is a chronic mental defective and a chronic schizophrenic. It is also this examiner's opinion that there are times when he has lucid intervals but that he also has many psychotic episodes. There is some doubt as to whether he can aid in his own defense."

On June 3, 1970, after receiving the report from Dr. Farrell, the district court entered an order that the defendant was not competent to stand trial and committed him to the Lincoln State Hospital until such time as his disability might be removed. The record shows that on August 12, 1970, the director of the Lincoln Regional Center submitted to the district court what is referred to as a "letter" or a "certificate" to the effect that the defendant was "now competent to stand trial." There is no copy of this document in the record. There is no evidence as to the data upon which the document was based. There is no other evidence in the record to dispute Dr. Farrell's opinion and diagnosis. No hearing was ever held to determine defendant's competency and apparently the court never entered any order finding the defendant competent to stand trial.

At the time of the arraignment on September 17, 1970, an amended information was filed charging the defendant with manslaughter in Count I, and with first

degree murder in Count II. After the guilty plea to Count I was accepted, Count II was dismissed. The only inquiry as to competence made at the arraignment, plea, and sentencing was to ask the defendant if he felt he was competent to proceed "like they claim you are down at Lincoln," to which he answered: "Okay." The record also shows that the county attorney expressed the hope and recommended to the court that the defendant get "further psychiatric treatment and help."

It is true that bald assertions of insanity, unsubstantiated by a recital of credible facts and unsupported by the record, are wholly insufficient, and justify the summary dismissal of a post conviction proceeding. See Fisher v. United States, 317 F. 2d 352. That rule does not fit the facts here.

The Nebraska Post Conviction Act requires that unless the motion and the files and records of the case show that the petitioner is entitled to no relief, the court shall grant a prompt evidentiary hearing, determine the issues, and make findings of fact and conclusions of law with respect thereto. See § 29-3001, R. S. Supp., 1969.

It is entirely possible that the district judge was aware of ample evidence to establish the defendant's competency to stand trial, but that evidence, if any, does not appear in the record. The record before us clearly establishes sufficient factual basis to require full exploration by the district court.

The order of the district court overruling the motion for post conviction relief is vacated and the cause remanded to the district court with directions to grant a prompt evidentiary hearing on the motion and proceed in accordance with the provisions of the Nebraska Post Conviction Act.

REVERSED AND REMANDED WITH DIRECTIONS.