STATE OF NEBRASKA, APPELLEE, V. LAVELL FLYE, APPELLANT.

252 N. W. 2d 141

Filed March 30, 1977. No. 40994.

Herbert M. Sampson, III, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant entered a plea of guilty to a charge of stabbing with intent to kill. After a presentence investigation, the defendant was sentenced to a term of 12 to 15 years in the Nebraska Penal and Correctional Complex. Defendant appeals, alleging: (1) The court abused its discretion in failing to order evaluation previous to the imposition of sentence; and (2) in imposing an unduly harsh and excessive sentence. We affirm.

There is no merit to the defendant's first assignment. It is discretionary with the sentencing judge as to whether he shall order the offender to submit to an evaluation. Defendant had been evaluated on a previous offense. That examination found defendant had borderline mental retardation; was an habitual excessive drinker; and had a drug dependence involving marijuana. At that time, the Lincoln Regional Center found defendant competent to stand trial.

At the time of the commission of the offense herein, July 7, 1976, defendant was on probation for harboring a 13-year-old child with intent to conceal and detain her from her parents. He pled guilty to that charge November 25, 1975, and was placed on probation January 27, 1976.

Defendant pled guilty to stabbing his stepfather in the back with a butcher knife when the stepfather refused to give him $10 he had requested. Defendant said that he intended to kill the stepfather. The possible sentence for that offense is imprisonment in the Nebraska Penal and Correctional Complex for not more than 50 years nor less than 1 year. § 28-410, R. R. S. 1943.

Our law is well settled. This court will only reduce a sentence imposed by the trial court if there has been an abuse of discretion. See State v. Keen, 196 Neb. 291, 242 N. W. 2d 863 (1976), where we said: "A sentence imposed within the statutory limits will

not be disturbed on appeal unless there appears to be an abuse of discretion."

Has there been an abuse of discretion herein? We find there has not. Defendant was on probation for a prior felony at the time of the offense herein. He has had several arrests for intoxication. He was committed to the Hastings Regional Center following an arrest for being a minor in possession. He escaped several times before his release in January 1974. He assaulted a police officer in June 1974. In December 1974, he was sentenced to 30 days in jail for failing to appear for trial. On January 7, 1975, he was committed to the Lincoln Regional Center after being charged with assault with intent to do great bodily harm and with forcibly assaulting or resisting a law enforcement officer.

In State v. King, 196 Neb. 821, 246 N. W. 2d 477 (1976), we said: "We know that as a practical matter the minimum portion of an indeterminate sentence is that which measures the severity of the sentence." A sentence of imprisonment should not exceed the minimum period consistent with protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant.

In this instance, the minimum sentence imposed was 12 years. The longest minimum that could be imposed under the provisions of the pertinent statutes, sections 29-2221, R. R. S. 1943, and section 83-1,105(1), R. S. Supp., 1976, is 16⅔ years. This is one-third of the 50-year maximum.

It is apparent from defendant's record that he has a violent disposition. He has been involved in previous assaults. He showed no remorse for the stabbing of his stepfather, and at the time intended to kill him. The record indicates that he has wholly failed to cooperate with the courts or the probation officers, either during the investigations or while on probation. His record and disposition are such that we cannot say the sentence of imprisonment im-

posed herein is not consistent with the protection of the public, the gravity of the offense, or the rehabilitative needs of the defendant.

The judgment is affirmed.

AFFIRMED.