STATE OF NEBRASKA, APPELLEE, v. LAVELL FLYE, APPELLANT.

266 N. W. 2d 237

Filed May 31, 1978. No. 41760.

Leo M. Bayer, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

The defendant filed a motion for post conviction relief and a motion for appointment of counsel in the District Court for Box Butte County. Without granting an evidentiary hearing the District Court overruled both motions. Following the overruling of a motion for new trial, the District Court appointed counsel for the defendant on appeal and this appeal followed.

On July 13, 1976, the defendant was arraigned and pleaded guilty to a charge of stabbing with intent to kill. On July 15, 1976, defendant was sentenced to 12 to 15 years imprisonment. On a direct appeal to this

court the defendant contended that the District Court erred in failing to order a new presentence investigation report, and that the sentence was excessive. The conviction and sentence were affirmed by this court on March 30, 1977. State v. Flye, 198 Neb. 171, 252 N. W. 2d 141.

On July 5, 1977, the defendant commenced this post conviction proceeding. His motion for post conviction relief, filed pro se, alleged in relevant part that the trial court, in July 1976, abused its discretion in failing to order a hearing to determine defendant's mental competency. He also alleged that his court-appointed counsel was incompetent because he failed to request a hearing on defendant's mental competency and permitted the defendant to plead guilty.

The record establishes that at the defendant's arraignment on July 13, 1976, the trial court fully complied with all requirements set out in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763. The factual basis for the plea was that defendant stabbed his stepfather in the back because he had refused to advance the defendant $10.

The record also reflects that at the sentencing hearing the District Court, on its own motion, entered into evidence copies of reports by the Panhandle Mental Health Center and the Lincoln Regional Center made in the spring of the preceding year in connection with a previous charge against the defendant for assaulting an officer. None of the reports contained a diagnosis of any psychosis or insanity in a legal sense. The reports instead indicated mild mental retardation, poor judgment, and habitual excessive drinking. Pursuant to a plea bargain, the defendant pleaded guilty to a reduced charge of assault and battery in the 1975 case and was placed on 30 days probation.

In November 1975, the defendant pleaded guilty to a charge of enticing a child from her parents, and on

January 27, 1976, he was sentenced to 1 year probation, including 60 days in the county jail. He was on probation at the time of the charge here.

At the sentencing hearing in the case now before us the District Court reviewed the previous and current presentence investigation reports and the reports and information referred to above, and imposed the sentence of 12 to 15 years imprisonment.

When the defendant filed his motion for post conviction relief, the District Court entered an order requiring the State to file its response within 7 days and provided in the order that the matter would be submitted to the court on July 26, 1977. The State filed its response on July 19, 1977, a copy of which was served on the defendant. On July 26, 1977, the court entered the files and records in the case into evidence and overruled defendant's motion to vacate and set aside his conviction and sentence, and the motion for appointment of counsel. The journal entry states no ground or reason.

The defendant's contention is that the order of July 26, 1977, overruling defendant's motion for post conviction relief was entered after an evidentiary hearing, and that the defendant had no notice of the hearing and had no opportunity to be present. Defendant's assumption that it was an evidentiary hearing gains some support from the journal entry which noted that the files and records were "received into evidence" and fails to note any specific reason for overruling the motion for post conviction relief. Nevertheless, it is clear that no evidentiary hearing was granted or held in this case, and that the only ground upon which the defendant's motion could be overruled was based on the files and records of the case.

As early as State v. Woods, 180 Neb. 282, 142 N. W. 2d 339, we held that under the Post Conviction Act, the sentencing court has discretion to adopt reasonable procedures for determining what the motion

and the files and records show, and whether any substantial issues are raised, before granting a full evidentiary hearing. Where no controverted material issues of fact are presented, the facts as shown by the record are undisputed, the taking of oral testimony on the motion could not add to or detract from the information shown by the court's files and records, and the court is satisfied that the prisoner is entitled to no relief, no hearing is required under the provisions of the Post Conviction Act.

It would have been preferable that the journal entry affirmatively show that the motion and the files and records of the case show that the defendant was entitled to no relief. Nevertheless, the journal entry specifically shows that the court considered only the motion and the files and records of the case. In a post conviction proceeding the files and records of the case must affirmatively establish that the prisoner is entitled to no relief or an evidentiary hearing must be granted. State v. Svoboda, 199 Neb. 452, 259 N. W. 2d 609. In the case at bar the only grounds for overruling the defendant's motion without an evidentiary hearing must rest upon whether the files and records of the case affirmatively establish that the defendant was entitled to no relief. In a post conviction case the burden is upon the petitioner to show a basis for relief. State v. Robinson, 194 Neb. 111, 230 N. W. 2d 222. The files and records in this case show that the defendant failed to establish any basis for post conviction relief.

In State v. Virgilito, 187 Neb. 328, 190 N. W. 2d 781, we held that bald assertions of insanity, unsubstantiated by a recital of credible facts and unsupported by the record, are wholly insufficient and justify the summary dismissal of a post conviction proceeding. In the case now before us the record fails to establish a basis for a claim of insanity, and affirmatively establishes that the defendant is entitled to no relief.

120

The judgment of the District Court was correct and is affirmed.

AFFIRMED.