State of Nebraska, appellee, v.
David E. Ware, appellant.
___ N.W.2d ___

Filed October 30, 2015.    No. S-15-155.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
2. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.

Appeal from the District Court for Douglas County: Thomas A. Otepka, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Natalie M. Andrews for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, Cassel, and Stacy, JJ.

Heavican, C.J.
## INTRODUCTION
David E. Ware's motion for postconviction relief was denied without an evidentiary hearing. Ware appeals and argues he was

entitled to an evidentiary hearing on his claims that his sentence violated the Eighth Amendment to the U.S. Constitution and that his trial counsel was ineffective. We affirm.

BACKGROUND

On April 13, 1984, Ware was convicted of first degree murder following a bench trial. Ware was subsequently sentenced to life imprisonment. This court affirmed his conviction and sentence.[1]

On August 16, 2012, Ware filed a motion for postconviction relief. In that motion, Ware alleged that (1) his mandatory life sentence was unconstitutional under *Miller v. Alabama*[2] because the sentencing court did not have the opportunity to consider any mitigating circumstances; (2) his trial counsel was ineffective (a) for failing to advise him of his right to testify in his own behalf and (b) for failing to adequately inform him of his right to a jury trial; and (3) he did not knowingly, intelligently, and voluntarily waive his right to have a presentence investigation conducted.

Originally, Ware's motion was stayed pending this court's decision in *State v. Mantich*.[3] But after this court issued its opinions in *Mantich* and *State v. Castaneda*,[4] Ware's motion proceeded and a hearing on the State's second motion to deny an evidentiary hearing was held. At this hearing, Ware sought to introduce into evidence the deposition of an adolescent neuropsychologist. That request was denied at the hearing, and Ware's motion seeking postconviction relief was denied on January 22, 2015.

In its order, the district court noted that Ware had no *Miller* claim, because he was 18 years of age at the time of the

---

[1] *State v. Ware*, 219 Neb. 594, 365 N.W.2d 418 (1985).

[2] *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

[3] *State v. Mantich*, 287 Neb. 320, 842 N.W.2d 716 (2014).

[4] *State v. Castaneda*, 287 Neb. 289, 842 N.W.2d 740 (2014).

commission of the crime for which he was convicted. The court further addressed the claim that his counsel was ineffective for not informing him of his right to testify in his own behalf, and concluded that this allegation was not supported by the record. Finally, the district court found that Ware's claims regarding his presentence investigation were procedurally barred.

## ASSIGNMENTS OF ERROR

Ware assigns that the district court erred in not granting him an evidentiary hearing, because (1) his life sentence was unconstitutional and (2) his trial counsel was ineffective for failing to inform him of the consequences of his waiver of a jury trial.

## STANDARD OF REVIEW

[1,2] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.[5] An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution.[6] However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.[7]

## ANALYSIS

*Constitutionality of Life Sentence.*

In his first assignment of error, Ware argues that his life sentence is unconstitutional. Ware's argument is based upon

---

[5] *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014).

[6] *Id.*

[7] *Id.*

the U.S. Supreme Court's decision in *Miller*.[8] In that deci-
sion, the Court concluded that a mandatory life-without-parole
sentence for "those under the age of 18 at the time of their
crimes violates the Eighth Amendment's prohibition on 'cruel
and unusual punishments.'"[9] Subsequent to *Miller*, this court
observed that life imprisonment sentences imposed upon juve-
niles in Nebraska for first degree murder prior to *Miller* were
effectively sentences of life imprisonment without parole.[10] We
further held, in accordance with *Miller*, that those defendants
were entitled to resentencing.[11]

In Ware's case, the district court found, and the record
shows, that Ware was 18 years of age at the time he commit-
ted the murder for which he was sentenced to life imprison-
ment. Ware does not contest that fact, but argues that because
the age of majority in Nebraska is 19 under the juvenile code,
this court should conclude that *Miller* applies to protect those
minors under the age of 19. Ware acknowledges that we
rejected this same argument in *State v. Wetherell*,[12] but asks us
to reconsider that conclusion.

In connection with Ware's contention that he should be
resentenced under *Miller*, Ware relies on the deposition of a
neuropsychologist who testified that the brains of young adults
do not stop growing until age 19 or 20 and are not fixed until
age 25 or 26. Ware offered this deposition as an exhibit at the
hearing on the State's motion to dismiss; the district court did
not admit it, and Ware does not assign this as error. But Ware
nevertheless urges us to consider this deposition.

In *State v. Glover*,[13] we opined on the appropriateness of
a district court allowing the introduction of evidence at a

---

[8] *Miller v. Alabama, supra* note 2.

[9] *Id.*, 132 S. Ct. at 2460.

[10] *State v. Castaneda, supra* note 4.

[11] *State v. Mantich, supra* note 3.

[12] *State v. Wetherell*, 289 Neb. 312, 855 N.W.2d 359 (2014).

[13] *State v. Glover*, 276 Neb. 622, 756 N.W.2d 157 (2008).

hearing on a motion for an evidentiary hearing (as opposed to an evidentiary hearing). We noted that

> receiving new evidence at a records hearing would create chaos. Either the State or the prisoner could be unprepared to respond to new evidence. That unpreparedness could result in unnecessary due process challenges from prisoners. And appellate courts would constantly have to backtrack and consider whether an evidentiary hearing was warranted based solely on the allegations and the information contained in the case records and files—a question that the district court should initially address.[14]

This deposition was inadmissible, and we decline to consider it.

We also decline Ware's invitation to reconsider *Wetherell*. By its very language, *Miller* applies to those individuals who were under the age of 18 at the time a crime punishable by a life sentence without the possibility of parole was committed. We further note that Neb. Rev. Stat. § 28-105.02(1) (Cum. Supp. 2014) codifies *Miller* for "any person convicted of a Class IA felony for an offense committed when such person *was under the age of eighteen years*." (Emphasis supplied.) The district court did not err in not granting a new sentencing hearing under *Miller*. Ware's first assignment of error is without merit.

*Waiver of Jury Trial.*

In his second assignment of error, Ware argues that the district court erred in not considering his claim that his counsel was ineffective for failing to properly advise him of the consequences of waiving his right to a jury trial. Ware is correct that the district court did not address this allegation.

But we conclude that Ware is not entitled to postconviction relief. If the records and files in the case affirmatively show

---

[14] *Id.* at 629, 756 N.W.2d at 163.

that the movant is entitled to no relief, no evidentiary hearing is required.[15] And in this case, the record shows that Ware was informed and questioned in some detail about the consequences of waiving his right to a jury trial.

The bill of exceptions shows an extensive discussion between Ware and the district court on this issue. The right to a jury trial was explained to Ware. Ware was asked whether he wanted to waive that right, and the consequences of that decision were discussed. Ware was asked to explain why he wanted to waive his right to a jury trial. During this discussion, the court explicitly noted that it wanted Ware "to understand that this Court is certainly very willing to afford you a jury trial, and it's set for jury trial starting Monday morning, if you want."

Moreover, Ware's counsel explained to the court that "probably on at least four occasions at some length [he and Ware] have talked about the possibility of waiving a jury trial." This colloquy occurred days in advance of trial, which was originally scheduled to be a jury trial. On the day of trial, Ware was again asked whether he still wished to waive his right to a jury trial; he indicated that he did.

The record shows that Ware was aware of his right to a jury trial and was aware of the consequences of waiving that right. As such, the record affirmatively shows that Ware is not entitled to postconviction relief on this issue. There is no merit to Ware's second assignment of error.

## CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.

---

[15] See *State v. Hessler, supra* note 5.