Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/21/2021 08:10 AM CDT

State of Nebraska, appellee,
v. Teon D. Hill, appellant.
___ N.W.2d ___

Filed February 26, 2021.    No. S-20-429.

1. **Criminal Law: Motions for New Trial: Evidence: Appeal and Error.**
   A de novo standard of review applies when an appellate court is review-
   ing a trial court's dismissal of a motion for a new trial under Neb.
   Rev. Stat. § 29-2102(2) (Reissue 2016) without conducting an eviden-
   tiary hearing.
2. **Criminal Law: Motions for New Trial: Evidence.** Neb. Rev. Stat.
   § 29-2102 (Reissue 2016) sets out what evidence must accompany a
   motion for new trial.

Appeal from the District Court for Douglas County:
Kimberly Miller Pankonin, Judge. Affirmed.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A.
Klein for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
and Papik, JJ.

Miller-Lerman, J.
### NATURE OF CASE
Teon D. Hill appeals the order of the district court for
Douglas County which dismissed his motion for new trial
based on newly discovered evidence. We affirm.

## STATEMENT OF FACTS

Following a jury trial in 2016, Hill was convicted of first degree murder and two counts of possession of a deadly weapon by a prohibited person. The district court sentenced Hill to imprisonment for life for the murder conviction and to 15 to 20 years' imprisonment for each of the weapon convictions. The court ordered the sentences for the weapon convictions to be served concurrently with one another and consecutively to the sentence for the murder conviction. We affirmed Hill's convictions and sentences in a decision filed January 19, 2018. *State v. Hill*, 298 Neb. 675, 905 N.W.2d 668 (2018).

On January 16, 2019, Hill filed a pro se motion that he titled "Motion for New Trial." In the motion, Hill stated that he was moving for a new trial based on "errors in the proceedings." He referred to the new trial statutes, Neb. Rev. Stat. §§ 29-2101 through 29-2103 (Reissue 2016), and stated that the statutes allow a defendant to bring a motion for new trial based upon newly discovered evidence within 5 years of the date of the verdict. Section 29-2101 provides that a defendant may move for a new trial on certain specified grounds, including "(5) newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial." Section 29-2103(3) provides that for most of the grounds listed in § 29-2101, the motion must be filed within 10 days after the verdict, but § 29-2103(4) provides that a motion for new trial based on § 29-2101(5) "shall be filed within a reasonable time after the discovery of the new evidence" and generally "cannot be filed more than five years after the date of the verdict."

The motion filed by Hill was 58 pages long, with 60 pages of attachments. The motion contained a narrative consisting of over 100 paragraphs of allegations. The first several paragraphs contained general allegations of various "irregularities" in the proceedings, as well as "ineffective assistance of counsel" and "prosecutorial misconduct" that, Hill contended, entitled him to a new trial. He also claimed that "the verdict cannot

be sustained by sufficient evidence and is contrary to the law." Hill alleged that "the material for his defense is newly discovered evidence that could not have been discovered, with reasonable diligence, prior to the time of his trial." He further alleged that "all facts in this motion was [sic] only discovered once he was able to examine the documents which was [sic] received on March 10th 2018 long after his trial." The remaining paragraphs included numerous allegations, some of which he grouped in categories, including "due process rights were violated," "irregularities and misconduct before, during and after the proceedings," and "[a]ctual innocent [sic] claim[s]." None of the attachments were "in the form of affidavits, depositions, or oral testimony," in violation of § 29-2102(1).

On February 18, 2019, the district court entered an order in which it directed the State to file a response to Hill's motion for new trial within 90 days. Hill objected to the order and contended that the new trial statutes do not allow for a response by the State before the court has decided whether the motion warrants a hearing and that instead, the statutes provide that the motion is to be served on the prosecuting attorney only after the court has determined that a hearing on the motion should be granted. The court overruled Hill's objection and reasoned that the new trial statutes did not prohibit the court from seeking a response from the State before it ruled on whether Hill's motion set forth sufficient facts to warrant a hearing. The court stated that its order was not made pursuant to procedure outlined in the statutes, but instead pursuant to its "inherent power to request legal argument from a party on a pending motion before it."

On May 21, 2019, the State filed a response in which it argued that Hill's motion failed to set forth sufficient facts and should therefore be dismissed without a hearing pursuant to § 29-2102(2). The State contended that Hill's motion could "be viewed as a complaint as to how his trial was handled" and noted that "the vast majority of paragraphs in the motion start out with the phrase 'there was irregularities and

misconduct in the proceedings.'" The State further contended that there was not "any newly discovered evidence mentioned in the motion," and it argued that to the extent Hill referred to any sort of evidence, such evidence (1) would be inadmissible at trial based on hearsay or relevance, (2) could have been discovered at the time of trial, and (3) did not materially affect substantial rights of Hill because it would not have changed the result of the case. The State further contended that to the extent Hill set forth a claim of actual innocence, such a claim must be asserted in a postconviction motion rather than in a motion for new trial.

About 1 year later, on May 14, 2020, the court entered an order in which it dismissed Hill's motion for new trial. The court stated that Hill sought a new trial based on newly discovered evidence pursuant to § 29-2101(5) and that he also appeared to seek relief pursuant to a claim of actual innocence. The court's order replicated the argument in the State's response with minor revisions.

Hill appeals the district court's order which dismissed his motion. Hill, who appeared pro se in the district court, is represented by counsel on appeal.

## ASSIGNMENTS OF ERROR

Hill claims, restated and renumbered, that the district court erred when it (1) failed to treat his motion as a postconviction motion and to consider his claims, including those of actual innocence, as postconviction claims; (2) ordered the State to respond to his motion and 1 year later used the State's response, with minimal modifications, as its order overruling his motion; and (3) dismissed his motion for new trial based on newly discovered evidence without an evidentiary hearing.

## STANDARD OF REVIEW

[1] A de novo standard of review applies when an appellate court is reviewing a trial court's dismissal of a motion for a new trial under § 29-2102(2) without conducting an

evidentiary hearing. See *State v. Cross*, 297 Neb. 154, 900 N.W.2d 1 (2017).

## ANALYSIS

In his brief on appeal, Hill asserts that several allegations in his motion set forth proper claims for new trial based on newly discovered evidence and that the district court erred when it dismissed his motion without an evidentiary hearing. However, Hill appears to concede that most of the numerous allegations set forth in his motion were more appropriate for a motion for postconviction relief. He therefore contends that the district court should have treated his motion as a motion for postconviction relief and considered whether his motion set forth postconviction claims that warranted an evidentiary hearing.

Hill further contends that, to the extent the motion was properly treated as a motion for new trial based on newly discovered evidence pursuant to § 29-2101(5), the district court erred when it ordered the State to respond to his motion before the court had determined whether an evidentiary hearing was warranted. In this regard, Hill argues that the order was improper because it was not authorized by the new trial statutes. He also contends that the court "abrogat[ed]" its decision-making authority to the State because it used most of the language from the State's response to draft its order dismissing his motion.

As discussed below, we resolve Hill's claims of error as follows: First, we determine that rather than treating Hill's motion as a postconviction motion, the district court did not err when it treated his motion consistent with the manner by which Hill had denominated the pleading, that is as a motion for new trial based on newly discovered evidence. We next determine, based on our de novo review, that because Hill failed to provide the supporting documents required by § 29-2102(1), the court properly dismissed the motion pursuant to § 29-2102(2). Finally, because our de novo review

indicates that the district court did not err when it dismissed Hill's motion, we need not address the contentions Hill makes regarding the process used by the district court except to comment on the lengthy amount of time the court had the motion under submission.

*District Court Did Not Err When It Treated Hill's*
*Motion as Motion for New Trial Rather Than*
*Motion for Postconviction Relief.*

Hill claims that the district court erred when it failed to treat his pleading as a motion for postconviction relief and failed to review his allegations, including those of actual innocence, as postconviction claims. He argues that the court should have looked to the substance of his allegations rather than the form of the motion. We conclude that the district court did not err when it treated his motion consistent with the manner by which Hill denominated the pleading, that is as a motion for new trial based on newly discovered evidence.

Hill asserts in his brief that the motion he filed is "basically a motion for Post-conviction relief with a few issues of Motion for a New Trial, newly discovered evidence thrown in and a healthy dose of issues that lean toward [his] actual innocence." Brief for appellant at 32. With regard to his allegations of actual innocence, Hill argues that because his motion "is more or less in the form of" a postconviction motion, his "claims of actual innocence are more or less brought in a postconviction action." *Id.* at 38-39.

The motion filed by Hill was titled "Motion for New Trial" and referenced the new trial statutes, including § 29-2101(5) regarding motions for trial based on newly discovered evidence and § 29-2103(4), which provides the time for filing a motion for new trial based on newly discovered evidence. The motion did not include citation to the postconviction statutes, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016), and it did not include an express assertion that Hill was seeking relief under such statutes or that he had filed his motion within the time allowed for filing a motion for postconviction relief.

Despite the fact that Hill explicitly characterized his motion as a motion for new trial, he argues on appeal that the district court should have ignored his characterization, reviewed the motion for its substance, and treated the motion as a motion for postconviction relief. Hill relies on *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002), to argue that a "post judgment motion must be reviewed based on the relief sought and not based on its title." Brief for appellant at 31. We reject Hill's argument.

In *State v. Bellamy, supra*, we considered a jurisdictional question regarding whether the 30-day period to file a notice of appeal was terminated by a motion that the appellant titled "Motion for Reconsideration." See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2020). Under the relevant statutes, the running of the time for filing a notice of appeal may be terminated by the filing of certain motions, including, inter alia, a motion to alter or amend a judgment under Neb. Rev. Stat. § 25-1329 (Reissue 2016). The question in *State v. Bellamy, supra*, therefore was whether the motion titled "Motion for Reconsideration" should be treated as a motion to alter or amend a judgment for purposes of determining the time for filing a notice of appeal. We reasoned that "[a] determination as to whether a motion, however titled, should be deemed a motion to alter or amend a judgment depends upon the contents of the motion, not its title," and we held that "in order to qualify for treatment as a motion to alter or amend a judgment, a motion must be filed no later than 10 days after the entry of judgment, as required under § 25-1329, and must seek substantive alteration of the judgment." *State v. Bellamy*, 264 Neb. at 789, 652 N.W.2d at 90.

The holding in *State v. Bellamy, supra*, should be read as specifically related to determining whether a motion may be considered a motion to alter or amend a judgment for purposes of determining the time to file a notice of appeal. It should not be read as a general requirement that a court must review every filing to address whether the party filed the correct type

of motion or whether the party should have filed a different motion to achieve the result the party seeks. Hill simply reads *State v. Bellamy, supra*, too broadly.

We further note that in this case, it was not merely the title which indicated that Hill's filing should be reviewed as a motion for new trial. The motion contained various references to the new trial statutes and various allegations which indicated that Hill was seeking a new trial based on newly discovered evidence pursuant to § 29-2101(5). Therefore, the substance of the motion supported the title "Motion for New Trial" and specified the relevant statutory authority for such a motion. Although the motion also included allegations that might have been better suited to a motion for postconviction relief, the district court was not obligated to read such allegations to contradict Hill's characterization of the type of motion he wished to file or the authority for the relief he sought.

Although we conclude that the district court properly treated Hill's motion as a motion for new trial rather than as a motion for postconviction relief, we note the following: First, a motion for postconviction relief is required to be verified, see § 29-3001(1), and Hill's motion is not verified and therefore would properly have been dismissed for that reason. Second, to the extent Hill contends that his motion contains both claims appropriate for a motion for new trial and claims appropriate for a motion for postconviction relief, we note that § 29-3003 provides that the postconviction remedy "is not intended to be concurrent with any other remedy existing in the courts of this state" and that "[a]ny proceeding filed under the provisions of sections 29-3001 to 29-3004 which states facts which if true would constitute grounds for relief under another remedy shall be dismissed without prejudice." See, also, *State v. Harris*, 292 Neb. 186, 191, 871 N.W.2d 762, 766 (2015) ("postconviction remedy is clearly a cumulative remedy that may not be pursued concurrently with any other remedy existing under state law, including the remedies sought in a motion for new trial"). Thus, Hill's

postconviction claims, if any, were not subject to consideration in this action.

We conclude that the district court did not err when it treated Hill's motion as a motion for new trial based on newly discovered evidence rather than treating it as a motion for postconviction relief. We reject this assignment of error, and we turn to Hill's assignments of error regarding the district court's disposition of the motion for new trial.

*Hill Failed to Include Required Supporting Documents With Motion for New Trial and Therefore Dismissal of Motion Without Evidentiary Hearing Was Warranted.*

Hill claims that the district court erred when it dismissed his motion for new trial without an evidentiary hearing and, further, that the court made procedural errors in the manner by which it reached this conclusion. Hill specifically asserts that the court erred when it ordered the State to respond to his motion and later when it used the State's response as the basis for its order dismissing the motion. On appeal from an order dismissing a motion for new trial without an evidentiary hearing pursuant to § 29-2102(2), we apply a de novo standard of review to such dismissal. See *State v. Cross*, 297 Neb. 154, 900 N.W.2d 1 (2017). If our de novo review indicates that the motion was properly dismissed, an error in the procedure by which the district court reached its decision will not have prejudiced Hill and would not require reversal of the dismissal. Therefore, we conduct our de novo review of the dismissal before addressing Hill's claims related to the procedure employed by the district court.

As we discussed above, Hill appears to concede that most of the allegations in his motion are more appropriately addressed in a motion for postconviction relief than in a motion for new trial based on newly discovered evidence. However, Hill asserts on appeal that several allegations in his motion set forth grounds for new trial based on newly discovered evidence and urges us to consider them on that basis.

[2] Section 29-2101 provides several grounds for a new trial, and specifically, subsection (5) provides that a new trial may be granted based on "newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial." Procedural requirements for motions for new trial authorized by § 29-2101 are set forth in §§ 29-2102 and 29-2103. Section 29-2103(2) provides that a "motion for a new trial shall state the grounds under section 29-2101 which are the basis for the motion and shall be supported by evidence as provided in section 29-2102." Section 29-2102(1) in turn provides in part that the "ground set forth in subdivision (5) of section 29-2101 shall be supported by evidence of the truth of the ground in the form of affidavits, depositions, or oral testimony." Reading these statutes together, we have stated that § 29-2102 "sets out what evidence must accompany a motion for new trial." *State v. Cross*, 297 Neb. at 158, 900 N.W.2d at 4.

Section 29-2102(2) sets forth the circumstances under which a court must grant a hearing on a motion for new trial, but it also provides that "[i]f the motion for new trial *and supporting documents* fail to set forth sufficient facts, the court may, on its own motion, dismiss the motion without a hearing." (Emphasis supplied.) With regard to a motion for new trial pursuant to § 29-2101(5), the motion and supporting documents must set forth sufficient facts to establish that there is "newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial."

Therefore, in this case, dismissal without an evidentiary hearing would be appropriate if Hill's motion and supporting documents did not set forth sufficient facts to establish that there was newly discovered evidence, that such evidence was material to Hill's defense, and that Hill could not with reasonable diligence have discovered and produced the evidence at his trial. Reviewing the allegations in Hill's motion de novo, in particular the allegations that Hill argues on

appeal would support a new trial, we determine that Hill did not file a motion and supporting documents that set forth sufficient facts.

We have reviewed Hill's allegations and determine that each of Hill's claims of grounds for new trial set forth in the motion fails in at least one of these respects—that is, to the extent Hill alleged sufficient facts to show that the claim involved newly discovered evidence, he did not adequately allege facts sufficient to show that such evidence was material to his defense or to show that he could not with reasonable diligence have discovered and produced the evidence at his trial.

However, our de novo review indicates a more basic reason that dismissal without an evidentiary hearing was appropriate in this case. As noted above, supporting documents of the sort set forth in § 29-2102 must accompany a motion for new trial. See *State v. Cross*, 297 Neb. 154, 900 N.W.2d 1 (2017). Hill filed a 58-page motion with 60 pages of attachments. The attachments included, inter alia, letters from counsel and police reports. The attachments to the motion did not include "evidence of the truth of the ground in the form of affidavits, depositions, or oral testimony" as required by § 29-2102(1) to support a motion for new trial based on § 29-2101(5). The requirement for evidence of the truth of the asserted grounds is not trivial; it is designed, inter alia, to demonstrate the strength of the claim, which in turn determines entitlement to a hearing. Thus, regardless of whether the allegations in the motion itself set forth a narrative to establish grounds for a new trial based on newly discovered evidence, it is clear that upon filing, Hill failed to accompany the motion with the type of evidence required by § 29-2102(1) to support the motion. On this basis alone, dismissal of Hill's motion without an evidentiary hearing was appropriate.

We conclude that dismissal of Hill's motion for new trial based on newly discovered evidence was appropriate under § 29-2102(2), because he failed to include required supporting documents in the form of affidavits, depositions, or oral

testimony setting forth facts to establish the grounds alleged in his motion. We therefore reject Hill's claim that the district court erred when it dismissed his motion without an evidentiary hearing.

*Because De Novo Review Indicates That Motion Was*
*Properly Dismissed, Any Error in the Procedure*
*by Which District Court Decided to Dismiss*
*Motion Did Not Prejudice Hill.*

Because we conclude, based on our de novo review of the motion for new trial, that dismissal of Hill's motion without an evidentiary hearing was proper without regard to the district court's process, any error in the procedure by which the district court reached its decision to dismiss the motion did not prejudice Hill. We therefore need not decide Hill's claims that the district court erred when it ordered the State to respond or when it based its order of dismissal on the language of the State's response. We do, however, take this opportunity to comment concerning aspects of the district court's disposition of Hill's motion.

Hill claims that the district court erred when it ordered the State to respond to his motion before the court had determined whether a hearing was required or whether the motion should be dismissed without an evidentiary hearing. Hill asserts that the statutes require notice to and involvement of the State only after the court has determined that an evidentiary hearing is required. The district court overruled Hill's objection to soliciting the State's views, reasoning that the statutes did not prohibit it from requesting a response and that it was doing so based on its inherent power.

As an additional basis for objecting to the process, Hill maintains that the district court "abrogat[ed]" its decisionmaking authority to the State. In this regard, he observes that the court's order dismissing his motion almost entirely repeated the State's response. He asserts that the court made no findings of fact and that it merely "changed three words" from the State's response, changed the heading, and added a final

paragraph for what he asserts was a total of "18 words added or changed." Brief for appellant at 25, 26. Hill correctly notes that the court's order made only minimal changes to the State's response and that the court "took a little over a year" to rule on the motion. *Id.* at 25. In its brief on appeal, the State concedes that "[t]here can be no dispute that the district court's order is cribbed almost directly from the [S]tate's response," brief for appellee at 7, but the State asserts that there is no authority to the effect that a court must make findings of fact or conclusions of law with respect to a motion for new trial and that, in any event, the court's decision to dismiss the motion was correct.

Given our disposition of the motion, we need not resolve the process-related claims of the parties, although we note in passing that it is not inappropriate for a court to track the language of a party's submission.

We further choose to comment on Hill's argument to the extent that he complains it took the court over 1 year to rule on the motion with an order that basically repeated the State's response, and we take this opportunity to emphasize that this court has adopted case progression standards to govern the timely disposition of cases in the district and county courts. We note in particular Neb. Ct. R. § 6-101 (rev. 2013), which sets time standards for disposition of certain categories of proceedings. Of relevance to this case, § 6-101 provides that for "Post Judgment Motions—Modification & Post Convictions," 50 percent of such motions should be disposed in 180 days and 95 percent should be disposed in 1 year. In the present case, Hill filed his motion on January 16, 2019; the court ordered the State on February 18 to respond; and the State filed its response on May 21. Nearly 1½ years after Hill filed his motion and almost 1 year after the State filed its response, the court dismissed Hill's motion on May 14, 2020, without an evidentiary hearing in an order which almost word for word tracked the response which the court had available to it for 1 year.

Hill's pro se motion was admittedly lengthy and contained numerous attachments. However, from our de novo review, it was readily apparent that, whatever the merit of the narrative in the allegations in the motion, Hill had not accompanied the motion with the supporting evidence required by § 29-2102(2). We think that the relatively straightforward path for disposition of this motion indicates that, under our case progression standards, this motion should have been among the 50 percent of motions disposed in 180 days rather than the 5 percent disposed in over 1 year.

## CONCLUSION

We conclude that the district court did not err when it considered Hill's motion as a motion for new trial rather than considering it as a motion for postconviction relief. In our de novo review, we conclude that Hill's motion was properly dismissed pursuant to § 29-2102(2). We therefore affirm the district court's order which dismissed Hill's motion for new trial without an evidentiary hearing.

Affirmed.

Freudenberg, J., not participating.

Stacy, J., concurring.

I agree with the majority's holding, but write separately to comment on the procedure followed by the district court. In my opinion, it is neither uncommon nor improper for a district court, as part of its preliminary review of a motion for new trial under § 29-2102, to ask the State to file a written response before deciding whether to grant or deny an evidentiary hearing on the motion.

According to Hill, this procedure amounts to reversible error because it is not expressly authorized in the statutes governing motions for new trial. The majority declines to reach the procedural issue, reasoning that Hill's motion was properly dismissed without a hearing, regardless of the procedure followed. But since the procedural issue is squarely before us, I

see no reason to leave judges and litigants wondering whether, in a later case, we might find it to be an abuse of discretion.

Our cases have long recognized that a district court, as part of its preliminary review of a postconviction motion, has discretion to adopt reasonable procedures to assist the court in determining whether an evidentiary hearing is required.[1] Historically, courts have employed a variety of different procedures, and so long as the procedure was not contrary to the postconviction statutory scheme, we have not found it to be an abuse of discretion.[2] And we have specifically held that it is not an abuse of discretion to direct the State to file a written response before deciding whether to grant or deny an evidentiary hearing on the motion.[3]

Similar to the postconviction statutes, the statutes governing motions for new trial require the trial court to conduct a preliminary review of the motion and determine whether to grant a hearing on the motion or dismiss it without a hearing.[4] In my opinion, we should acknowledge, as we have in the postconviction context, that trial courts have discretion to adopt reasonable procedures, not inconsistent with the statutory scheme, to assist in determining whether the motion for new trial and supporting documents "set forth facts which,

---

[1] See, e.g., *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018); *State v. Glover*, 276 Neb. 622, 756 N.W.2d 157 (2008); *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007); *State v. Dean*, 264 Neb. 42, 645 N.W.2d 528 (2002); *State v. Flye*, 201 Neb. 115, 266 N.W.2d 237 (1978).

[2] See, e.g., *McLeod, supra* note 1 (holding court did not abuse discretion in directing State to file written response to postconviction motion before ruling on whether to grant evidentiary hearing); *Dean, supra* note 1 (holding court did not abuse discretion in holding hearing to receive existing record and consider State's motion to dismiss before ruling on whether to grant evidentiary hearing). Compare *Glover, supra* note 1 (finding abuse of discretion when court received and considered new evidence before ruling on whether to grant evidentiary hearing).

[3] See, *McLeod, supra* note 1; *Flye, supra* note 1.

[4] See Neb. Rev. Stat. § 29-2102(2) (Reissue 2016).

if true, would materially affect the substantial rights of the defendant"[5] and entitle the movant to a hearing.

Here, a few weeks after Hill filed his 118-page pro se motion, the district court entered an order directing the State to file a written response to the motion within 90 days. The order explained that a decision on whether to grant a hearing on Hill's motion, and whether to appoint counsel for Hill, would be deferred pending the State's response. This procedure is not expressly outlined in the new trial statutes, but it is not contrary to the statutory scheme and assists the court in conducting the required preliminary review. I see no abuse of discretion in the procedure followed by the district court in this case.

Nor do I see error in how the court prepared its order of dismissal. Hill complains that the court's order was only four pages long and generally tracked with the State's written response, which summarized Hill's claims rather than addressing each of the more than 100 paragraphs in his motion for new trial. But neither the length of a court's order nor the originality of its language is a reliable measure of the quality of judicial decisionmaking.

The majority correctly observes that it is not inappropriate for a court, when preparing an order, to track the language of a party's submission. But the majority repeats Hill's complaint in this regard often enough that readers might suspect there is something to it. There is not. Judges need not reinvent the legal wheel when issuing a decision, and it is neither remarkable nor improper for a court to issue an order that repeats a party's correct analysis of the law or recitation of the facts. I firmly reject Hill's contention that the language of the order issued in this case casts doubt on the court's impartiality or suggests the judge did not conduct an independent and thorough review of Hill's lengthy motion and supporting documents before issuing its decision.

---

[5] *Id.*