Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/14/2017 09:10 AM CDT

State of Nebraska, appellee, v.
Shawn L. Cross, appellant.
___ N.W.2d ___

Filed July 14, 2017.    No. S-16-376.

1. **Criminal Law: Motions for New Trial: Evidence: Appeal and Error.**
   A de novo standard of review applies when an appellate court is review-
   ing a trial court's dismissal of a motion for a new trial under Neb. Rev.
   Stat. § 29-2102(2) (Reissue 2016) without conducting an evidentiary
   hearing. But a trial court's denial of a motion for new trial after an evi-
   dentiary hearing is reviewed for an abuse of discretion.

2. **Criminal Law: Motions for New Trial: Evidence: Time.** When a
   motion for new trial is filed more than 5 years after the date of the ver-
   dict, there are two requirements that must be satisfied for the motion to
   be timely under Neb. Rev. Stat. § 29-2103(4) (Reissue 2016): First, the
   motion and supporting documents must show the new evidence could
   not with reasonable diligence have been discovered and produced at
   trial. Second, the evidence must be so substantial that a different result
   may have occurred.

3. ____: ____: ____: ____. The timeliness requirements under Neb. Rev.
   Stat. § 29-2103(4) (Reissue 2016) may be considered in any order, but
   unless both requirements are satisfied, a motion for new trial based on
   newly discovered evidence cannot be filed more than 5 years after the
   date of the verdict.

Appeal from the District Court for Scotts Bluff County:
Randall L. Lippstreu, Judge. Affirmed.

Shawn L. Cross, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A.
Klein for appellee.

Heavican, C.J., Wright, Miller-Lerman, Stacy, Kelch, and Funke, JJ.

Stacy, J.

More than 5 years after his conviction, Shawn L. Cross filed a motion for new trial, pursuant to Neb. Rev. Stat. § 29-2101(5) (Reissue 2016), claiming newly discovered evidence. The district court dismissed the motion without a hearing, pursuant to Neb. Rev. Stat. § 29-2102(2) (Reissue 2016). Cross appeals, and we affirm.

## I. FACTS

In 2009, Cross was charged with second degree assault and use of a weapon to commit a felony for allegedly beating Pedro Pacheco with a baseball bat.[1] Before trial, Cross' appointed counsel, Richard DeForge, was allowed to withdraw based on a conflict of interest. The conflict was that DeForge was already representing Elgie Iron Bear, who was listed as a witness in Cross' case. Cross was appointed new counsel. Several months later, new counsel was also permitted to withdraw, after which DeForge was reappointed to represent Cross. The record shows the reappointment of DeForge occurred because, by that point, the case involving Iron Bear was closed and DeForge no longer had a conflict of interest. DeForge thereafter represented Cross at trial and on his direct appeal.

The case was tried to a jury in March 2010, and Cross was convicted of both charges. The court subsequently found Cross was a habitual criminal[2] and sentenced him to imprisonment for a total of 20 to 25 years. Cross' convictions and sentences were summarily affirmed by the Nebraska Court of Appeals.[3]

In 2011, Cross filed a pro se motion for postconviction relief. In it, he raised claims of ineffective assistance of counsel,

---

[1] See Neb. Rev. Stat. §§ 28-309 and 28-1205(1)(b) (Reissue 2016).

[2] Neb. Rev. Stat. § 29-2221 (Reissue 2016).

[3] *State v. Cross*, 18 Neb. App. lxxxv (No. A-10-426, Nov. 15, 2010).

including a claim that DeForge had a conflict of interest based on the Iron Bear representation. Cross was appointed new postconviction counsel, and an evidentiary hearing was held. The district court denied postconviction relief, and the Court of Appeals summarily affirmed.[4]

In December 2015, Cross filed a pro se motion for new trial pursuant to § 29-2101(1), (2), (4), and (5). The district court found that to the extent Cross sought a new trial based on the grounds set forth in subsections (1), (2), and (4) of § 29-2101, the motion was filed more than 10 days after the verdict and was untimely under Neb. Rev. Stat. § 29-2103(3) (Reissue 2016). The court also found Cross was not entitled to a new trial based on newly discovered evidence under § 29-2101(5), because his motion and supporting documents failed to set forth sufficient facts. The district court dismissed the motion without conducting an evidentiary hearing.[5] Cross did not appeal.

In March 2016, Cross filed another motion for new trial, again claiming newly discovered evidence under § 29-2101(5). The allegations of the second motion, which we address in more detail in our analysis, were substantially similar to those found insufficient in his first motion. As it had done previously, the court examined the motion and supporting documents, concluded they failed to set forth sufficient facts, and dismissed the motion without conducting an eviden-tiary hearing.[6]

Cross timely appealed from the dismissal of his second motion for new trial. We moved the case to our docket on our own motion[7] to address the impact of recent legislative amend-ments to the new trial statutes at issue.[8]

---

[4] *State v. Cross*, 20 Neb. App. xxviii (No. A-12-188, Oct. 10, 2012).

[5] See § 29-2102(2).

[6] *Id.*

[7] Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[8] See 2015 Neb. Laws, L.B. 245, amending §§ 29-2102 and 29-2103.

## II. ASSIGNMENTS OF ERROR

Cross assigns, restated, that the district court erred in (1) failing to apply the correct standard of review to his motion based on newly discovered evidence, (2) failing to hold an evidentiary hearing, and (3) denying his motion for new trial without addressing his conflict of interest allegation.

## III. ANALYSIS

### 1. Statutory Framework

In criminal cases, motions for new trial are governed by §§ 29-2101, 29-2102, and 29-2103. In 2015, the Legislature amended §§ 29-2102 and 29-2103,[9] and this is our first opportunity to interpret and apply those amendments. We begin by providing an overview of the statutory scheme.

Section 29-2101 sets out the seven grounds on which a motion for new trial may be based; only § 29-2101(5) is relevant to this case. Pursuant to that subsection, a new trial may be granted based on "newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial."[10] A new trial may be granted only if the ground materially affects the defendant's substantial rights.[11]

Section 29-2103 sets out how and when motions for new trial must be presented. It requires all such motions to be "made by written application" and to "state the grounds under section 29-2101 which are the basis for the motion."[12] Additionally, § 29-2103(2) requires the motion to "be supported by evidence as provided in section 29-2102." The statutory timeframe for filing a motion for new trial varies depending on the ground asserted.[13]

---

[9] *Id.*

[10] § 29-2101(5).

[11] § 29-2101.

[12] § 29-2103(1) and (2).

[13] Compare § 29-2103(3), (4), and (5).

Prior to August 30, 2015, a motion based on newly discovered evidence had to be filed within 3 years of the verdict.[14] Effective that date, however, the Legislature amended §§ 29-2102 and 29-2103.[15] Now, a motion for new trial alleging newly discovered evidence must be filed "within a reasonable time after the discovery of the new evidence" and "cannot be filed more than five years after the date of the verdict, unless the motion and supporting documents show the new evidence could not with reasonable diligence have been discovered and produced at trial and such evidence is so substantial that a different result may have occurred."[16] Both of Cross' motions for new trial were filed after the effective date of the amendments and more than 5 years after the date of the verdict.

Section 29-2102 sets out what evidence must accompany a motion for new trial. The type of necessary evidence varies depending on which ground for new trial is relied upon.[17] As relevant here, a motion for new trial based on newly discovered evidence under § 29-2101(5) "shall be supported by evidence of the truth of the ground in the form of affidavits, depositions, or oral testimony."[18]

Prior to the amendments made by L.B. 245, the new trial statutes did not directly address when a court was required to hold an evidentiary hearing on a motion. But as amended, § 29-2102(2) now dictates both when a hearing is required and when a motion may be dismissed without a hearing:

> If the motion for new trial and supporting documents fail to set forth sufficient facts, the court may, on its own motion, dismiss the motion without a hearing. If the motion for new trial and supporting documents set forth

[14] § 29-2103(4) (Reissue 2008).

[15] 2015 Neb. Laws, L.B. 245.

[16] § 29-2103(4) (Reissue 2016).

[17] § 29-2102(1).

[18] *Id.*

facts which, if true, would materially affect the substantial rights of the defendant, the court shall cause notice of the motion to be served on the prosecuting attorney, grant a hearing on the motion, and determine the issues and make findings of fact and conclusions of law with respect thereto.

The district court relied on the new provisions of § 29-2102(2) to dismiss Cross' second motion for new trial without a hearing. We note that, unlike motions for postconviction relief, the statutes governing motions for new trial contain no express limitation on successive motions.[19] As such, although the district court noted Cross had filed successive motions for new trial raising substantially the same grounds, it did not dismiss the second motion on that basis, and instead proceeded to analyze the second motion under the applicable new trial statutes.

## 2. STANDARD OF REVIEW

We have not yet determined the standard of review to be applied when an appellate court reviews a trial court's dismissal of a motion for a new trial under § 29-2102(2) without conducting an evidentiary hearing. Historically, a trial court's order denying a motion for new trial has been reviewed for an abuse of discretion.[20] We have accorded trial judges significant discretion in granting or denying a motion for new trial, because the trial judge sees the witnesses, hears the testimony, and has a special perspective on the relationship between the evidence and the verdict.[21]

---

[19] Compare § 29-2101 et seq., with Neb. Rev. Stat. § 29-3001(3) (Reissue 2016) ("[t]he court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner"). See, also, *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014).

[20] See, e.g., *State v. Stricklin*, 290 Neb. 542, 861 N.W.2d 367 (2015); *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015).

[21] *State v. Archie*, 273 Neb. 612, 733 N.W.2d 513 (2007).

But we are persuaded that a different standard of review should be applied when a motion for new trial is denied without an evidentiary hearing under § 29-2102(2). In such a situation, the role of the trial judge is to examine the motion and supporting documents to determine whether they set forth sufficient facts which, if true, "would materially affect the substantial rights of the defendant."[22] A trial judge undertakes a similar review process in postconviction proceedings, so we look to our jurisprudence in that area for guidance.

Nebraska's postconviction statutes allow a prisoner in custody under sentence to move for relief on the ground there was such a denial or infringement of the prisoner's constitutional rights as to render the judgment void or voidable.[23] "Unless the motion and the files and records of the case show . . . that the prisoner is entitled to no relief," the court must hold an evidentiary hearing.[24] Based on this language, we have held that a trial court must review a postconviction motion to determine whether it contains sufficient allegations which, if true, demonstrate a violation of the defendant's constitutional rights.[25] If the trial court finds that the allegations are not sufficient to meet this standard or that the files and records affirmatively show the defendant is not entitled to postconviction relief, it may deny relief without conducting an evidentiary hearing. If the defendant appeals, we review the trial court's determination de novo.[26]

As noted, § 29-2102(2) authorizes the trial court to dismiss a motion for new trial without conducting an evidentiary hearing "[i]f the motion for new trial and supporting documents fail to set forth sufficient facts." This statutory language is similar to the language the Legislature used in the

---

[22] § 29-2102(2).

[23] § 29-3001.

[24] § 29-3001(2).

[25] See *State v. Nolan*, 292 Neb. 118, 870 N.W.2d 806 (2015).

[26] See, *id.*; *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015).

postconviction act.[27] Moreover, the nature of the trial court's review of motions for postconviction relief and motions for new criminal trials are similar. Indeed, the legislative history of § 29-2012(2) suggests the Legislature intended the new prehearing review process applicable to motions for new trial to be similar to the prehearing review process applied in postconviction actions.[28]

[1] For these reasons, we determine a de novo standard of review should apply when an appellate court is reviewing a trial court's dismissal of a motion for a new trial under § 29-2102(2) without conducting an evidentiary hearing. We will continue to apply the abuse of discretion standard of review to appeals from motions for new trial denied after an evidentiary hearing.

### 3. Timeliness of Motion for New Trial Based on Newly Discovered Evidence

[2,3] We begin by considering whether Cross' motion is timely under § 29-2103. Where, as here, the motion for new trial is filed more than 5 years after the date of the verdict, there are two requirements that must be satisfied for the motion to be timely under § 29-2103(4): First, the motion and supporting documents must show the new evidence could not with reasonable diligence have been discovered and produced at trial. Second, the evidence must be so substantial that a different result may have occurred. These timeliness requirements may be considered in any order, but unless both requirements are satisfied, a motion for new trial based on newly discovered evidence "cannot be filed more than five years after the date of the verdict."[29]

---

[27] § 29-3001(2).

[28] See Floor Debate, L.B. 245, 104th Leg., 1st Sess. 13-14 (Mar. 12, 2015) (remarks of Senator Burke Harr).

[29] § 29-2103(4).

Cross' motion for new trial asserts three general grounds of newly discovered evidence. We address each in turn.

### (a) Testimony of Cross' Aunt

First, Cross alleges that a prosecutor tampered with a trial witness, Cross' aunt, and that she testified falsely as a result. In support of this ground, Cross attached to his motion a handwritten letter dated "1-21-15" and signed "Your Aunt . . . ." The letter states in pertinent part:

> I didn[']t want to testify . . . against you and I told [the prosecutor] that but he had the court [subpoena] me anyway. I told him I didn't see anything that happened that [night], I only heard and he used that. He said I should testify [because] he knows I have children that get in trouble a lot and he would make the courts make it hard for them . . . . I was so scared of him . . . . I guess I didn't want to testify but he forced me to. He came to pick me up at my house in his car and would question me on the way.

This letter is not the type of supporting evidence permitted by § 29-2102(1), which requires that grounds of newly discovered evidence "shall be supported by evidence of the truth of the ground in the form of affidavits, depositions, or oral testimony." But even if the information in the letter had been presented in a permissible form, it would not support Cross' claim that his aunt testified falsely. At best, it shows she testified reluctantly. Moreover, neither the motion nor the supporting documents show that the information in the letter could not have been discovered and presented at trial with reasonable diligence. Our de novo review shows Cross failed to meet the first requirement of § 29-2103(4), and therefore the district court properly found his motion was not timely on this ground and dismissed it without conducting an evidentiary hearing. Because we conclude the first requirement was not met, we need not determine whether

the evidence was so substantial that a different result may have occurred.[30]

### (b) Testimony of Pacheco

Cross' second claim of newly discovered evidence relates to the testimony of the assault victim, Pacheco. Cross alleges both that Pacheco's trial testimony was false and that Pacheco should not have been permitted to testify, because he was in the country illegally. In support of these allegations, Cross attached transcribed portions of Pacheco's 2009 deposition testimony, wherein he admits being in the United States without a visa or "papers."

Again, Cross has failed to meet the first requirement of § 29-2103(4). Section 29-2103(4) requires that the evidence relied upon be "new evidence." The 2009 deposition was taken before trial and is not new evidence. Nor, in any event, is the evidence so substantial that a different result might have occurred. Cross' second ground for new trial fails to satisfy either requirement under § 29-2103(4), and is time barred.

### (c) DeForge Conflict of Interest

Cross' third and final allegation of newly discovered evidence relates to the conflict of interest DeForge had during his early representation of Cross. Cross concedes in his motion that he has raised this issue before, but suggests that "[i]t doesn't matter." We disagree. The motion and supporting documents reveal no "new evidence" regarding the conflict of interest. To the contrary, the record indicates Cross raised the same conflict of interest issue before trial, on direct appeal, in his motion for postconviction relief, and in his first motion for new trial. Absent some "new evidence" that could not with reasonable diligence have been discovered and presented at trial, Cross cannot bring a motion for new

---

[30] See, *State v. Draper, supra* note 20; *State v. Merchant*, 285 Neb. 456, 827 N.W.2d 473 (2013).

trial based on this ground more than 5 years after the date of his verdict.

### (d) Summary

Cross' second motion for new trial and supporting documents fail to set forth sufficient facts to show any of the grounds he alleges were timely filed under § 29-2103(4). As such, dismissal of the motion without a hearing was proper under § 29-2102(2), and Cross' assignments of error to the contrary are without merit.

### IV. CONCLUSION

We conclude the proper standard of review to apply when reviewing a trial court's dismissal of a motion for a new trial under § 29-2102(2) without conducting an evidentiary hearing is de novo on the record. Our de novo review of Cross' motion and supporting documents demonstrates that he has failed to satisfy the timeliness requirements of § 29-2103(4) and that dismissal of the motion without a hearing was proper under § 29-2102(2). We affirm the order dismissing his motion for new trial without a hearing.

AFFIRMED.

CASSEL, J., not participating.