IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. ROBERTSON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

KEENON A. ROBERTSON, APPELLANT.


Filed November 19, 2019.    No. A-19-096.


Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Keenon A. Robertson, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.


PIRTLE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Keenon A. Robertson appeals the order of the district court for Douglas County which denied his motion for new trial without a hearing. We reject his arguments raised on appeal and therefore affirm.

## BACKGROUND

Robertson was charged with one count of discharging a firearm at an inhabited house, occupied building, or occupied vehicle and one count of use of a weapon to commit a felony. The matter proceeded to a jury trial. The evidence at trial revealed that on Easter Sunday in April 2010, Robertson was standing outside his residence when a white vehicle pulled up and stopped in the intersection. See *State v. Robertson*, No. A-12-204, 2013 WL 599895 (Neb. App. Feb. 19, 2013) (selected for posting to court website). There were four occupants in the vehicle, including Dontevous Loyd. There was conflicting evidence as to whether anyone in the vehicle had a gun or

- 1 -

fired any shots at Robertson. Three of the four occupants of the vehicle, including Loyd, testified that no one in the vehicle had a gun or fired at Robertson, but several neighbors testified that they heard gunshots that sounded like they came from different types of guns, and another neighbor said that he saw the occupants of the vehicle firing at Robertson. It was uncontroverted, however, that Robertson retrieved an assault rifle and fired numerous rounds at the vehicle. The driver then put the vehicle in reverse and began driving down the street until he ran into a tree. Both the driver and another passenger were struck by bullets.

The jury was given an instruction on self-defense. During deliberations, the jury posed a question to the court, asking, "Can the first set of shots be considered separate ie. first set of shots being self-defense and second set being not?" In response, the court provided a supplemental instruction that stated, "This is a factual question, which I am not permitted to comment on." The jury ultimately found Robertson guilty of both charges and he was sentenced to a total of 25 to 60 years' imprisonment.

Robertson filed a direct appeal, and this court affirmed his convictions and sentences. See *State v. Robertson*, No. A-12-204, 2013 WL 599895 (Neb. App. Feb. 19, 2013) (selected for posting to court website). Robertson then filed a verified motion for postconviction relief, which the district court denied without an evidentiary hearing. The Nebraska Supreme Court affirmed. See *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

On October 12, 2018, Robertson filed a pro se "motion for new trial/postconviction relief." He asserted that he was entitled to a new trial because a witness who testified against him at trial had recanted his testimony and admitted to firing a gun at Robertson. Attached to the motion was an affidavit from Loyd, in which Loyd stated that he fired a handgun at Robertson first and that Robertson then fired back. The affidavit indicated that the driver of the vehicle in which Loyd was a passenger then put the vehicle in reverse and crashed into a tree, and that Loyd fled the scene and hid the gun. In the affidavit, Loyd stated that his testimony at trial had been "incorrect or dishonest."

In the motion for new trial, Robertson alleged that in addition to the information contained in Loyd's attached affidavit, "Loyd would now testify that he fired his gun at [Robertson] after [the driver] put the car in reverse to get away from the shooting scene." Robertson also attached to the motion his own affidavit attesting to the veracity of the allegations contained in the motion.

The district court denied the motion for new trial without a hearing, finding that assuming the "newly discovered evidence" on which the motion relied could not have been produced at trial, the evidence was insufficient to mandate a new trial. The court determined that Loyd's recantation provided cumulative evidence to that of other witnesses at trial, and even with this new evidence, the jury would still be presented with conflicting testimony as to whether occupants of the vehicle shot at Robertson. The court found that the evidence in Loyd's affidavit did not, as Robertson alleged, go so far as to state that Loyd fired after the vehicle was put into reverse. Given that the jury was already presented with evidence similar to Loyd's and that Loyd's recantation weakened his credibility, the court found that Robertson had not presented evidence which met the standard of being so substantial that a different result may have occurred. Robertson appeals.

## ASSIGNMENTS OF ERROR

Robertson assigns that the district court (1) violated his substantial rights in its findings overruling the motion for new trial, (2) erred in misapplying the statutory standards for relief in Neb. Rev. Stat. §§ 29-2101(5) & 29-2103(4) (Reissue 2016), and (3) erred in failing to hold an evidentiary hearing.

## STANDARD OF REVIEW

A de novo standard of review applies when an appellate court is reviewing a trial court's dismissal of a motion for a new trial under Neb. Rev. Stat. § 29-2102(2) (Reissue 2016) without conducting an evidentiary hearing. See *State v. Cross*, 297 Neb. 154, 900 N.W.2d 1 (2017).

## ANALYSIS

Although Robertson's motion alleged that he was entitled to a new trial under §§ 29-2101(1), (2), and (5), or in the alternative, postconviction relief pursuant to Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016 & Cum. Supp. 2018), on appeal, he argues only that the district court erred in denying his motion for new trial under § 29-2101(5). We therefore limit our review solely to that basis.

In criminal cases, motions for new trial are governed by §§ 29-2101, 29-2102, and 29-2103. *State v. Cross, supra*. Section 29-2101 sets out the seven grounds on which a motion for new trial may be based. Pursuant to § 29-2101(5), a new trial may be granted based on "newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at trial." See, also, *State v. Cross, supra*. A new trial may be granted only if the ground materially affects the defendant's substantial rights. § 29-2101; *State v. Cross, supra*.

The ground set forth in § 29-2101(5) shall be supported by evidence of the truth of the ground in the form of affidavits, depositions, or oral testimony. § 29-2102(1). If the motion for new trial and supporting documents fail to set forth sufficient facts, the court may, on its own motion, dismiss the motion without a hearing. § 29-2102(2). If the motion for new trial and supporting documents set forth facts which, if true, would materially affect the substantial rights of the defendant, the court shall cause notice of the motion to be served on the prosecuting attorney, grant a hearing on the motion, and determine the issues and make findings of fact and conclusions of law with respect thereto. *Id*.

Although a bit unartfully stated, to the extent Robertson argues in his first assigned error that the district court violated his substantial right to a jury trial under the Sixth Amendment, we disagree. Robertson appears to argue that a jury, rather than the court, should have been allowed to analyze the newly discovered evidence in the context of a trial, and that when the court considered Loyd's affidavit and ruled on the motion on its own without a hearing, it violated Robertson's right to a jury trial.

Contrary to Robertson's argument, § 29-2102(2) allows the court, on its own motion, to dismiss a motion for new trial without a hearing if the motion and supporting documents fail to set forth sufficient facts. The court, therefore, has a statutory obligation to assess the motion and supporting documents to determine whether they set forth sufficient facts to necessitate a hearing,

or if not, to dismiss the motion without a hearing. Accordingly, the court did not err in following this procedure in the instant case, and we therefore turn to the merits of the court's decision.

A motion for new trial based on the grounds set forth in § 29-2101(5) shall be filed within a reasonable time after the discovery of the new evidence and cannot be filed more than 5 years after the date of the verdict, unless the motion and supporting documents show the new evidence could not with reasonable diligence have been discovered and produced at trial and such evidence is so substantial that a different result may have occurred. § 29-2103(4).

Robertson's motion for new trial was filed more than 5 years after the jury's verdict was entered. The district court correctly observed that despite this, under § 29-2103(4), the motion was not necessarily untimely. The court found that even assuming the evidence could not have been discovered and produced at trial, Robertson was not entitled to relief because the newly discovered evidence was not so substantial that a different result may have occurred.

The main issue at trial was whether Robertson was acting in self-defense when he shot at the white vehicle. Three of the four occupants of the vehicle testified at trial, and they all testified that no one in the vehicle had a gun or fired a gun at Robertson. However, other evidence was adduced that contradicted this testimony. A neighbor of Robertson's testified that he heard gunshots and looked out the window to see Robertson in the street with an assault rifle firing at the vehicle and the occupants of the vehicle firing back at Robertson. He said that about halfway into the incident, the vehicle reversed back down the hill. When the vehicle started to reverse, the occupants of the car were no longer shooting, but Robertson came around the side of the vehicle and continued firing at it.

Several other neighbors said that they heard gunshots, which sounded like they came from different caliber weapons. Robertson testified that the driver of the vehicle shot at him first, and he returned fire. He claimed that the occupants of the vehicle fired at him again as the vehicle was backing up, so Robertson continued to fire at the vehicle.

Robertson now claims that there is new evidence, in the form of Loyd's affidavit, that "[Loyd] (or the other victims) fired their gun(s) at [Robertson] after the car was moving in reverse." Brief for appellant at 9. He argues that this new evidence from Loyd would have allowed the jury to reach the conclusion that Roberson's second set of shots had been in self-defense, just like the first set of shots. Robertson claims that the "key factual allegation raised here" would have put before the jury evidence to decide whether Robertson's second set of shots were also made in self-defense. Brief for appellant at 10. Robertson interprets the question the jury posed during deliberations as a factual finding that the jury had made, arguing that Loyd's new testimony would allow the jury to find that both rounds of shots Robertson fired were in response to shots fired at him.

We disagree with Robertson for two reasons. First, Robertson embellishes what Loyd's testimony would be. In his affidavit, Loyd states that upon seeing Robertson in the front yard of his home, Loyd fired his handgun at Robertson; that Loyd fired first at Robertson; and that after Loyd fired at Robertson, Robertson obtained a gun and fired back. The affidavit then states that the driver fled by putting the vehicle in reverse but that the vehicle crashed into a tree and Loyd then fled the scene and hid his weapon. Robertson, however, claims that Loyd would testify that he fired his gun at Robertson after the driver put the car in reverse to get away from the shooting

scene. Nowhere in Loyd's affidavit does Loyd admit that he or anyone else fired at Robertson after Robertson returned fire or fired at Robertson as the vehicle was backing up. Thus, there is no new evidence from which the jury could find that Robertson's second round of shots were fired in response to a second round of shots from the vehicle toward Robertson.

Additionally, the question posed by the jury during deliberations is not a "factual finding" as Robertson assumes. There is nothing in the record to indicate that the jury had made a factual finding that Robertson's first round of shots was done in self-defense as opposed to inquiring as to whether it *could* make such a finding. Rather, the jury returned two separate general verdict forms; one finding Robertson guilty of discharging a firearm at an inhabited house, occupied building, or occupied motor vehicle, and a second verdict form finding him guilty of use of a firearm. Because the jury found Robertson guilty, the jury either determined that no one in the vehicle fired at Robertson so he was not acting in self-defense, or that Robertson initially returned fire in an act of self-defense but once the vehicle began to retreat, Robertson's continued shots were no longer done in self-defense.

We also conclude that the district court did not err in denying Robertson's motion for new trial without a hearing because, as the court determined, Loyd's affidavit does not meet the definition of newly discovered evidence. Newly discovered evidence must be of such a nature that if it had been offered and admitted at the former trial it probably would have produced a substantially different result. *State v. Boppre*, 243 Neb. 908, 503 N.W.2d 526 (1993), citing *State v. Pittman*, 210 Neb. 117, 313 N.W.2d 252 (1981). Evidence tendered in support of a motion for new trial on the ground of newly discovered evidence must be so potent that, by strengthening evidence already offered, a new trial would probably result in a different verdict. *State v. Boppre, supra*; *State v. Pittman, supra*. The newly discovered evidence must be relevant and credible and not merely cumulative. *State v. Hortman*, 207 Neb. 393, 299 N.W.2d 187 (1980). It must involve something other than the credibility of witnesses who testified at the former trial. *Id*.

In his affidavit, Loyd recants his trial testimony, averring that he did, in fact, have a gun, which he fired at Robertson, and that his trial testimony was "incorrect or dishonest." It has been said that there is no form of proof so unreliable as recanting testimony. *State v. Lotter*, 278 Neb. 466, 771 N.W.2d 551 (2009). The opportunity and temptation for fraud are so obvious that courts look with suspicion upon such an asserted repudiation of the testimony of a witness for the prosecution, and this is so even though the repudiation be sworn to. *Id*. As a recantation of trial testimony by a witness for the prosecution, the newly discovered evidence in this case is not particularly credible, and it involves only the credibility of a witness who testified at the former trial.

In addition, the evidence in Loyd's affidavit that he fired a gun first at Robertson is cumulative of other testimony that was offered at trial. Robertson testified that he fired his gun in response to being fired at first by the occupants of the vehicle. One neighbor said he saw Robertson shooting at the vehicle while its occupants fired at Robertson, and several other neighbors in the area heard gunshots which sounded like they came from different types of weapons. Thus, the jury had before it evidence from which it could find that persons in the vehicle fired first, and any additional evidence to that effect would be cumulative.

We note that Robertson argues that the district court applied the wrong test, considering whether Loyd's new testimony would produce a different result at a second trial, rather than considering whether had Loyd testified in this manner at the first trial, a different result would have occurred. We do not agree that the district court used the wrong standard. The court observed that Loyd's recantation weakens his credibility, an observation that could be viewed as how Loyd would be considered by a jury at a second trial; but the court also found that Loyd's recantation provided cumulative evidence such that the jury would still be presented with conflicting testimony as to whether occupants of the vehicle shot at Robertson, and concluded that Robertson had "not presented evidence so substantial that a different result may have occurred." We therefore find that the district court applied the proper standard and find no error in its determination that the new evidence was cumulative and thus was not so substantial that a different result may have occurred.

Further, with respect to the expansion of Loyd's new testimony contained in Robertson's motion and own affidavit, the district court was not required to accept those allegations as true. Section § 29-2102(2) allows the court, on its own motion, to dismiss a motion for new trial without a hearing if the motion and supporting documents fail to set forth sufficient facts, thereby directing the court to assess the motion and supporting documents. Here, Robertson admitted that he did not and could not communicate with Loyd because they were housed in different correctional facilities, and that Loyd's new testimony and affidavit were obtained through the efforts of third parties whose assistance Robertson had sought out but over whom he had no direct control. Yet, despite admitting that he had had no contact with Loyd, Robertson alleged that in addition to the new testimony contained in Loyd's affidavit, Loyd would also testify that he had fired his gun at Robertson after the driver put the vehicle in reverse and began leaving the scene. Robertson's allegation lacks foundation, and the district court did not err in finding that it was insufficient to warrant a hearing on the motion for new trial. Accordingly, we conclude that the district court did not err in denying Robertson's motion for new trial on the grounds of newly discovered evidence.

## CONCLUSION

Having found that the denial of Robertson's motion for new trial was not error, we affirm the decision of the district court.

AFFIRMED.