IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. VALVERDE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

PAUL A. VALVERDE, APPELLANT.

Filed January 10, 2023.    No. A-22-029.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Paul Valverde, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

## INTRODUCTION

Paul A. Valverde appeals the order of the Sarpy County District Court which denied his motion for new trial based on newly discovered evidence. We affirm.

## BACKGROUND

### TRIAL AND DIRECT APPEAL

In 2012, following a jury trial, Valverde was convicted of two counts of third degree sexual assault of a child, second offense; four counts of child abuse; and three counts of first degree sexual assault of a child, second offense. The convictions related to acts committed against H.L. (his daughter) and B.V. (his nephew) during periods of time between June 1, 2008, and December 10, 2010. Valverde was sentenced to terms of incarceration. In his direct appeal, Valverde assigned error to the procedures used by the district court in receiving evidence under Neb. Rev. Stat. § 27-414 (Cum. Supp. 2012) (evidence of similar crimes in sexual assault cases); the court's failure

- 1 -

to grant a mistrial; and the court's giving of certain jury instructions and refusal of others. The Nebraska Supreme Court affirmed the judgment of the district court. See *State v. Valverde*, 286 Neb. 280, 835 N.W.2d 732 (2013) (*Valverde I*). The Supreme Court's mandate issued on September 13, 2013. Valverde was represented by the same public defender's office at trial and on direct appeal.

FIRST MOTION FOR POSTCONVICTION RELIEF

In July 2014, Valverde filed a verified motion for postconviction relief asserting that his constitutional right to a fair trial was violated when the district court admitted evidence in violation of § 27-414 and when the court allowed a police detective to remain in the courtroom during the trial despite a sequestration order; that his appellate counsel was ineffective for failing to raise the sequestration issue on direct appeal; that his right to due process was violated when the State retaliated and vindictively "left his life sentence in place" after he deposed the victim; that he received ineffective assistance of counsel at trial and on direct appeal due to the failure to address the issue of vindictive prosecution; that the evidence at trial was insufficient to establish the specific dates that the alleged offenses occurred; and that he received ineffective assistance of counsel at trial and on direct appeal due to the failure to challenge the sufficiency of the evidence to support his convictions. Valverde asked the district court to grant him an evidentiary hearing and to appoint him counsel. The Sarpy County District Court denied Valverde's request for the appointment of counsel and denied his motion for postconviction relief without an evidentiary hearing. Valverde, pro se, appealed to this court and we affirmed the denial of postconviction relief without an evidentiary hearing. See *State v. Valverde*, No. A-14-1121, 2016 WL 152847 (Neb. App. Jan. 12, 2016) (selected for posting to court website) (*Valverde II*). This court's mandate issued on March 3, 2016.

SECOND MOTION FOR POSTCONVICTION RELIEF

In March 2016, Valverde, pro se, filed a "Secondary Motion for Post Conviction Relief" claiming newly discovered evidence was made available on November 20, 2015. Valverde asserted that "the original suspect, Steve Cain [H.L.'s mother's boyfriend] and [H.L.'s] mother" had both been convicted of sexually abusing H.L. Valverde claimed "this new information changes the outcome" of his case and revealed "facts relevant to [his] innocents [sic]." Valverde contended that the "testimonies given by deposition and/or at [his] trial" from H.L., H.L.'s mother, and Cain, "must be considered tainted and inadmissible against [Valverde] because of the recent conviction[s]" of Cain and H.L.'s mother, "who influenced and mentally coerc[ed]" H.L. to "bring claims falsely against [Valverde]." Valverde also claimed that in light of the convictions of Cain and H.L.'s mother, "The Fourteenth Amendment violation of the malicious pursuit of [Valverde] by Officer . . . Miller, must be re-examined and scrutinized" because "[h]e had knowledge of evidence and leads that produced" other suspects. Finally, Valverde claimed, "[i]n light of the convictions of . . . Cain and H.L.'s mother[,] the existence of reasonable doubt to the quality control of the lab and DNA analysis, and the probability of tainted and/or planted evidence against [Valverde]." Valverde asked the district court to grant him an evidentiary hearing and to appoint him counsel. As of May 2016, Valverde was represented by counsel in the postconviction proceedings. The district court denied Valverde's second motion for postconviction relief without

an evidentiary hearing. Valverde appealed to this court, and we affirmed the denial of postconviction relief without an evidentiary hearing. See *State v. Valverde*, No. A-19-762, 2020 WL 6437433 (Neb. App. Nov. 3, 2020) (selected for posting to court website) (*Valverde III*). This court's mandate issued on December 7, 2020.

In *Valverde III*, this court found that a claim attacking H.L.'s credibility was not a constitutional claim amenable to postconviction relief. Further, the fact that Cain was also convicted of sexually assaulting H.L. did not prove Valverde was innocent. The DNA report received into evidence at trial revealed that the probability of an unrelated individual other than Valverde matching the DNA profile of the sperm on H.L.'s vaginal swab was 1 in 269 million for Caucasians, 1 in 953 million for African Americans, and 1 in 479 million for American Hispanics. The evidence against Valverde was overwhelming and he did not allege sufficient facts to show that he was actually innocent of the crimes for which he was convicted. Finally, we found that Valverde's claims for malicious pursuit and reasonable doubt regarding the DNA evidence were both time barred and procedurally barred.

CURRENT PROCEEDINGS—MOTION FOR NEW TRIAL

On September 24, 2021, Valverde, pro se, filed a motion for new trial pursuant to Neb. Rev. Stat. § 29-2101(5) (Reissue 2016), and once again claimed that newly discovered evidence was made available on November 20, 2015. Valverde alleged that Steve Cain and H.L.'s mother had both been convicted of sexually abusing H.L. and were the real perpetrators of the crime, not Valverde who was innocent; H.L.'s mother and Officer Miller manipulated and pressured H.L. to falsely accuse Valverde of sexually abusing her and to corroborate B.V.'s false allegations against Valverde; Officer Miller maliciously pursued Valverde by fabricating evidence and not pursuing the actual suspect; and reasonable doubt existed regarding the quality control of the lab and DNA analysis, and the probability of tainted and/or planted evidence against Valverde. The allegations in Valverde's motion for new trial were the same as those asserted in his "Secondary Motion for Post Conviction Relief" filed in March 2016.

In its order filed on October 5, 2021, the district court denied Valverde's motion for new trial without an evidentiary hearing. The court found that Valverde's motion was filed more than 5 years after the date of the verdict and he could therefore only seek relief if he could demonstrate in his motion and supporting documents that the "new evidence" could not, with reasonable diligence, have been discovered and produced at trial and such evidence was so substantial that a different result may have occurred. The court found that Valverde failed to meet his burden in both regards. Valverde's claims were time barred because they could have been presented within 5 years of the verdict. Valverde's claims were procedurally barred because he previously raised these same issues in his postconviction proceedings. Moreover, Valverde failed to allege "sufficient facts to evince that the 'new evidence' is so substantial that a different result would have occurred." The court stated that Valverde's allegations were general and lacked a causational analysis.

Valverde appeals.

## ASSIGNMENTS OF ERROR

Valverde assigns, restated, that the district court erred by denying his motion for new trial (1) as time barred, (2) as procedurally barred, and (3) by stating he failed to demonstrate that the new evidence was so substantial that a different result would have occurred.

## STANDARD OF REVIEW

A de novo standard of review applies when an appellate court is reviewing a trial court's dismissal of a motion for a new trial under Neb. Rev. Stat. § 29-2102(2) (Reissue 2016) without conducting an evidentiary hearing. *State v. Hill*, 308 Neb. 511, 955 N.W.2d 303 (2021).

## ANALYSIS

### GENERAL LEGAL PRINCIPLES

In criminal cases, motions for new trial are governed by Neb. Rev. Stat. §§ 29-2101, 29-2102, and 29-2103 (Reissue 2016).

Section 29-2101 sets out the seven grounds on which a motion for new trial may be based; only § 29-2101(5) is relevant to this case. Pursuant to that subsection, a new trial may be granted based on "newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial." A new trial may be granted only if the ground materially affects the defendant's substantial rights. *Id*. See, also, *State v. Cross*, 297 Neb. 154, 900 N.W.2d 1 (2017).

Section 29-2103 sets out how and when motions for new trial must be presented. It requires all such motions to be "made by written application" and to "state the grounds under section 29-2101 which are the basis for the motion." Additionally, § 29-2103(2) requires the motion to "be supported by evidence as provided in section 29-2102." Section 29-2102 sets out what evidence must accompany a motion for new trial. The type of necessary evidence varies depending on which ground for new trial is relied upon. As relevant here, a motion for new trial based on newly discovered evidence under § 29-2101(5) "shall be supported by evidence of the truth of the ground in the form of affidavits, depositions, or oral testimony." § 29-2102(1).

The statutory timeframe for filing a motion for new trial varies depending on the ground asserted. A motion for new trial alleging newly discovered evidence must be filed "within a reasonable time after the discovery of the new evidence" and "cannot be filed more than five years after the date of the verdict, unless the motion and supporting documents show the new evidence could not with reasonable diligence have been discovered and produced at trial and such evidence is so substantial that a different result may have occurred." § 29-2103(4).

Section 29-2102(2) sets forth the circumstances under which a court must grant a hearing on a motion for new trial, but it also provides that "[i]f the motion for new trial and supporting documents fail to set forth sufficient facts, the court may, on its own motion, dismiss the motion without a hearing."

### MOTION NOT TIMELY

We begin by considering whether Valverde's motion for new trial is timely under § 29-2103. Where, as here, the motion for new trial is filed more than 5 years after the date of the verdict, there are two requirements that must be satisfied for the motion to be timely under

§ 29-2103(4): First, the motion and supporting documents must show the new evidence could not with reasonable diligence have been discovered and produced at trial. Second, the evidence must be so substantial that a different result may have occurred. *State v. Cross, supra*. "These timeliness requirements may be considered in any order, but unless both requirements are satisfied, a motion for new trial based on newly discovered evidence 'cannot be filed more than five years after the date of the verdict.'" *State v. Cross*, 297 Neb. at 161, 900 N.W.2d at 6 (quoting § 29-2103(4)).

As noted by the district court, Valverde's allegations can be placed in three general propositions:

1. Steve Cain and the victim's mother's convictions show [Valverde] was falsely accused;

2. Officer Miller's malicious [pursuit], fabrication of evidence, and failure to pursue other suspects caused [Valverde's] conviction; [and]

3. The State violated [Valverde's] Fourteenth Amendment [rights] as reasonable doubt exists as to the quality of the DNA analysis and law enforcement tampered/planted DNA evidence.

However, Valverde's motion for new trial was not accompanied by the necessary supporting evidence. As stated previously, § 29-2102(1) requires that grounds of newly discovered evidence "shall be supported by evidence of the truth of the ground in the form of affidavits, depositions, or oral testimony." On this basis alone, dismissal of Valverde's motion without an evidentiary hearing was appropriate. See *State v. Hill, supra*.

However, for the sake of completeness we note that Valverde's alleged "new evidence" was not so substantial that a different result might have occurred. The jury was aware that H.L. had previously accused Cain of sexual assault. And as stated in *Valverde III*, "That Cain was also convicted of sexually assaulting H.L. does not prove that Valverde was innocent." *Valverde III*, 2020 WL 6437433 at *4. This court also previously found that evidence against Valverde, which included DNA evidence, was overwhelming. *Id*. Valverde did not allege sufficient facts to show that he was actually innocent of the crimes for which he was convicted.

As to Valverde's claims for malicious pursuit and reasonable doubt regarding the DNA evidence, he could have challenged the law enforcement investigation and the DNA evidence on direct appeal or in his postconviction proceeding.

Like the district court, we find that Valverde's claims were time barred because they could have been presented within 5 years of the verdict. Valverde's claims were procedurally barred because he previously raised these same issues in his postconviction proceedings. Moreover, Valverde failed to allege sufficient facts that the "new evidence" was so substantial that a different result may have occurred.

## CONCLUSION

For the reasons stated above, we affirm the order of the district court dismissing Valverde's motion for new trial without a hearing.

AFFIRMED.